**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

**CASE NO:**

REYNALDO NATAR, and
all others similarly situated under
*29 U.S.C. 216(b)*,

    Plaintiff(s),

v.

DUCT-MAN MECHANICAL
SERVICES LLC, a Florida
limited liability company, and
QUAN NGUYEN, individually,

    Defendants.

_____/

**COMPLAINT**

Plaintiff, REYNALDO NATAR ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendants, DUCT-MAN MECHANICAL SERVICES LLC ("DUCT-MAN") and QUAN NGUYEN ("NGUYEN"), individually (collectively referred to hereinafter as "Defendants"), on behalf of himself, and all others similarly situated, and alleges:

**INTRODUCTION**

1. Defendants have unlawfully deprived Plaintiff, and all other employees similarly situated, of federal overtime compensation during the course of their employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all wages owed to Plaintiff, and those similarly situated to Plaintiff, during the course of their employment.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Lake County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, corporate Defendant, DUCT-MAN, was a Florida limited liability company located and transacting business within Eustis, Florida, within the jurisdiction of this Honorable Court. DUCT-MAN operates its principal location at 721 North Grove Street, Eustis, Florida.

4. During all times material hereto, Defendant, NGUYEN, was and is a resident of the Middle District of Florida and was managing member, owner, and operator of DUCT-MAN within Lake County, Florida.

5. During all times material hereto, Defendant, NGUYEN, was over the age of 18 years, and was vested with ultimate control and decision-making authority over the hiring, firing, and pay practices for Defendant, DUCT-MAN, during the relevant time period.

6. Defendant, DUCT-MAN was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

7. Defendant, NGUYEN, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

8. All acts and omissions giving rise to this dispute took place within Lake County, Florida.

9. Defendant, DUCT-MAN, is headquartered and regularly transacts business in Lake County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Venue is proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

11. Defendant, DUCT-MAN, is an air conditioning repair, maintenance, and service company that has been operating in the State of Florida since 2013.

12. According to its own website, DUCT-MAN advertises itself to the Florida community as follows:

> Serving the Mount Dora, Eustis and Surrounding Central Florida areas... We special in Residential, Commercial, Remodels, and Retrofits.

*See* www.theductman.com

13. The website for DUCT-MAN further states the following:

> We provide full-service HVAC maintenance, with dedicated staff to ensure ongoing system operation, warranty compliance, and quick repair. Our commercial maintenance programs can keep your building operating costs low and ensure you get the most from this asset… We install reliable and dependable climate control systems in commercial properties throughout Lake County. Whether you are looking to replace existing HVAC equipment or are building a new property and want a climax control system designed and installed, we can provide you with superior service and the highest quality equipment available on the market, at very competitive prices.

www.theductman/com/hvac-ac-services-mount-dora-florida/ .

14. Defendant, DUCT-MAN, sends its employees to private homes and businesses in the surrounding area to offer air conditioning repair services.

15. Defendant, DUCT-MAN, is not exempt from FLSA coverage.

16. Defendant, DUCT-MAN, is covered under the FLSA through enterprise coverage, as DUCT-MAN was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, DUCT-MAN was also engaged in interstate

commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, DUCT-MAN's business and Plaintiffs' work for DUCT-MAN affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

17. During his employment with Defendant, DUCT-MAN, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: air conditioners, wirings, pens, clothing, tools, screw drivers, wrenches, cellular telephones, order forms, and automobiles.

18. Defendant, DUCT-MAN, also regularly employed two (2) or more employees for the relevant time period, who handled goods or materials similar to those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, DUCT-MAN's business an enterprise covered by the FLSA.

19. Upon information and belief, Defendant, DUCT-MAN, grossed or did business in excess of $500,000.00 during the years of 2015, 2016, 2017, and is expected to gross in excess of $500,000.00 in 2018.[1]

20. During all material times hereto, Plaintiff, and all others similarly situated, was a non-exempt employee of Defendant, DUCT-MAN, and Defendant, NGUYEN, within the meaning of the FLSA.

21. Plaintiff began working as a non-exempt employee for Defendant, DUCT-MAN in 2014.

---

[1] According to www.theductman.com/about/ the company "currently has over 3,500 clients and has just passed the million dollar mark this year. We landed a 5 year contract with Ace Hardware of Sanford and Deland this last year and looking forward to growing." *Id.*

22. During all time periods hereto, Defendant, NGUYEN, maintained control over the day-to-day operations of DUCT-MAN, including the payroll, hiring, firing, and scheduling duties.

23. Defendant, NGUYEN, was the managing member of Defendant, DUCT-MAN, and controlled the company's payroll practices, and was vested with ultimate decision-making authority for Defendant, DUCT-MAN.

24. Plaintiff, and similarly situated individuals, were employed by Defendant, DUCT-MAN, as a Serviceman/Installer.

## FLSA Violations During Plaintiff's Employment

25. After hiring Plaintiff, the Defendants, DUCT-MAN, and NGUYEN, assigned Plaintiff to work an average of fifty (50) hours per week.

26. Plaintiff's agreed regular hourly rate during 2014 and 2015 was $13.00 an hour.[2]

27. Plaintiff's agreed regular hourly rate during 2016 and 2017 was $14.00 an hour.

28. Plaintiff's agreed regular hourly rate during 2018 was $15.00 an hour.

29. Defendants failed to ever compensate Plaintiff for any hours worked over forty (40) in any given work week during all time periods of Plaintiff's employment.

## 2015

30. During 2015, Plaintiff was only paid for the first forty (40) hours of every work week even though he worked an average of fifty (50) hours per week. Defendants paid Plaintiff a straight $13.00 an hour only for the first forty (40) hours regardless of the number of hours Plaintiff worked.

---

[2] Plaintiff alleges that the appropriate statute of limitations is three (3) years and therefore relates back to November 2015.

31. Defendants failed to pay Plaintiff one-and-one-half times his regular hourly rate for any hours worked in excess of forty (40) in any given workweek.

32. Accordingly, during this employment period, Plaintiff is owed time-and-one-half in the amount of $19.50 per hour for ten (10) hours per week for seven (7) weeks.

33. In total, during this employment period, Plaintiff is entitled to recover $195.00 per week for a total of $1,365.00 in unliquidated damages.

34. However, Defendants' actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for wages in the amount of $1,365.00.

## 2016

35. During 2016, Plaintiff was only paid for the first forty (40) hours of every work week even though he worked an average of fifty (50) hours per week during the year. Defendants paid Plaintiff a straight $14.00 an hour only for the first forty (40) hours regardless of the number of hours Plaintiff worked.

36. During this span of fifty-two (52) weeks, Plaintiff worked an average of fifty (50) hours per week.

37. Defendants failed to ever pay Plaintiff one-and-one-half times his regular hourly rate for any hours worked in excess of forty (40) per week.

38. Accordingly, during this employment period, Plaintiff is owed one-and-one-half-time in the amount of $21.00 per hour for ten (10) hours per week for fifty-two (52) weeks.

39. In total, during this employment period, Plaintiff is entitled to recover $210.00 per week for a total of $10,920.00 in unliquidated damages.

40. However, Defendants' actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for wages in the amount of $10,920.00.

## 2017

41. During 2017, Plaintiff was only paid for the first forty (40) hours of every work week even though he worked an average of fifty (50) hours per week during the year. Defendants paid Plaintiff $14.00 an hour only for the first forty (40) hours regardless of the number of hours Plaintiff worked.

42. During this span of fifty-two (52) weeks, Plaintiff worked an average of fifty (50) hours per week.

43. Defendants failed to ever pay Plaintiff one-and-one-half times his regular hourly rate for any hours worked in excess of forty (40) per week.

44. Accordingly, during this employment period, Plaintiff is owed one-and-one-half time in the amount of $21.00 per hour for ten (10) hours per week for fifty-two (52) weeks.

45. In total, during this employment period, Plaintiff is entitled to recover $210.00 per week for a total of $10,920.00 in unliquidated damages.

46. However, Defendants' actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for wages in the amount of $10,920.00.

## 2018

47. During 2018, Plaintiff was only paid for the first forty (40) hours of every work week even though he worked an average of fifty (50) hours per week during the year. Defendants paid

Plaintiff a straight $15.00 an hour only for the first forty (40) hours regardless of the actual number of hours Plaintiff worked.

48. During a span of forty-five (45) weeks, Plaintiff worked an average of fifty (50) hours per week.

49. Defendants failed to ever pay Plaintiff one-and-one-half times his regular hourly rate for any hours worked in excess of forty (40) per week.

50. Accordingly, during this employment period, Plaintiff is owed one-and-one-half times in the amount of $22.50 per hour for ten (10) hours per week for forty-five (45) weeks.

51. In total, during this employment period, Plaintiff is entitled to recover $225.00 per week for a total of $10,125.00 in unliquidated damages.

52. However, Defendants' actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for wages in the amount of $10,125.00.

## Plaintiff Exercises His Right to Overtime

53. On or about October 26, 2018, Plaintiff, through undersigned counsel, informed Defendants of their FLSA violations.

54. As of the date of this filing, Plaintiff is still employed with Defendants.

55. Overtime payments to Plaintiff remain due and owing.

56. During Plaintiff's employment, the Defendants failed to maintain adequate and contemporaneous time records as required by the FLSA.

57. Defendants, DUCT-MAN, and NGUYEN, were either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, *intentionally violated*

*federal law* so that the Defendants could avoid having to pay Plaintiff his lawful (and hard-earned) wages.

58. Based upon Defendants' intentional and/or willful violations of the FLSA, the three (3) year statute of limitations applies instead of the two (2) year statute of limitations.

59. As a result of the above violations of federal law, Plaintiff has had retain the undersigned counsel to prosecute these claims and is therefore entitled to an award of reasonable attorney's fees and costs under the FLSA.

### COUNT I – FEDERAL OVERTIME WAGE LAW VIOLATIONS – *29 U.S.C. § 207*
(**against All Defendants**)

60. Plaintiff re-avers and re-alleges Paragraphs 1 through 59 above, as though fully set forth herein.

61. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

62. Plaintiff is entitled to: (i) time-and-a-half overtime wages; and (ii) liquidated damages pursuant to the FLSA.

63. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. 216(b).

WHEREFORE, Plaintiff, REYNALDO NATAR, demands judgment against Defendants, DUCT-MAN MECHANICAL SERVICES LLC, and QUAN NGUYEN, individually, and respectfully requests that he be awarded the following relief: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, REYNALDO NATAR, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 5th day of November, 2018.**

    Respectfully Submitted,

**USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC**
805 East Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Reynaldo Natar*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
jordan@jordanrichardspllc.com
melissa@jordanrichadrspllc.com
livia@jordanrichardspllc.com
jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 5th of November, 2018.

By: */s/ Jordan Richards, Esquire*
JORDAN RICHARDS, ESQ.
Florida Bar No. 108372

## SERVICE LIST: