UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

REYNALDO NATAR, and
all others similarly situated

      Plaintiff,

v.

DUCT-MAN MECHANICAL
SERVICES, LLC, a Florida Limited
Liability Company, and QUAN
NGUYEN, individually

      Defendants.
_____/

CASE No.: 5:18-cv-00562-JSM-PRL

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW,** Defendants, DUCT-MAN MECHANICAL SERVICES, LLC and QUAN NGUYEN individually and pursuant to the Federal Rules of Civil Procedure and Local Rules of the Middle District of Florida, and by and through undersigned counsel, hereby files Defendants' Answer and Affirmative Defenses to Plaintiff's Amended Complaint and hereby states as follows:

1. Defendants admit that Plaintiff purports to state claims pursuant to the Fair Labor Standards Act or FLSA; otherwise the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint, whether inferred or implied, are denied.

2. The allegations in Paragraph 2 of Plaintiff's Amended Complaint are unknown to Defendants and therefore denied.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint

4. Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint

5. Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint

6. The allegations in Paragraph 6 of Plaintiff's Amended Complaint are unknown to Defendants and therefore denied.

7. The allegations in Paragraph 7 of Plaintiff's Amended Complaint are unknown to Defendants and therefore denied.

8. The allegations in Paragraph 8 of Plaintiff's Amended Complaint are unknown to Defendants and therefore denied.

9. Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint for jurisdictional purposes only; otherwise the allegations in Paragraph 9, whether inferred implied, are denied.

10. Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint for venue purposes only; otherwise the allegations in Paragraph 10, whether inferred implied, are denied.

11. Defendants admits, in part, the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12. Defendants admit that Plaintiff purports to restate excerpts from Defendant Duct Man's website; otherwise the allegations in Paragraph 12 of Plaintiff's Amended Complaint.

13. Defendants admit that Plaintiff purports to restate excerpts from Defendant Duct Man's website; otherwise the allegations in Paragraph 13 of Plaintiff's Amended Complaint.

14. Defendants admit that Duct-Man performs "HVAC" service and installations.

15. The allegations in Paragraph 15 of Plaintiff's Amended Complaint are unknown to Defendants and therefore denied.

16. The allegations in Paragraph 16 of Plaintiff's Amended Complaint are unknown to Defendants and therefore denied.

17. The allegations in Paragraph 17 of Plaintiff's Amended Complaint are unknown to Defendants and therefore denied.

18. The allegations in Paragraph 18 of Plaintiff's Amended Complaint are unknown to Defendants and therefore denied.

19. The allegations in Paragraph 19 of Plaintiff's Amended Complaint are unknown to Defendants and therefore denied.

20. Defendants admit the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22. Defendants admit the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. Defendants admit the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

24. Defendants admit the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint as to Plaintiff; otherwise the allegations contained in Paragraph of the Amended Complaint are unknown and therefore denied.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint

27. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint

28. Defendants admit that Plaintiff's agreed wage was $15 per hour starting in September 2018; otherwise the allegations contained in Paragraph 28 of the Amended Complaint, whether inferred or implied are denied.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Amended Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint.

58. Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint.

59. Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint.

60. Defendants reallege and restate the answers to Paragraphs 1 – 59 herein.

61. Defendants admit Plaintiff purports to restate claims pursuant to the FLSA; otherwise the allegations in Paragraph 61 are unknown to Defendants and therefore denied.

62. Defendants deny the allegations in Paragraph 62 of Plaintiff's Amended Complaint.

63. Defendants deny the allegations in Paragraph 63 of Plaintiff's Amended Complaint.

64. Defendants reallege and restate the answers to Paragraphs 1 – 59 herein.

65. Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint.

**AFFIRMATIVE DEFENSES**

1. As a first affirmative defense, the Defendants state that Defendants are entitled to offset of any unpaid FLSA overtime amounts by compensation paid in excess of the hours actually worked by the Plaintiff for Duct-Man.

2. As a second affirmative defense, Defendants aver that Plaintiff was covered by the U.S. Department of Transportation regulations regarding limitations on work hours and was therefore not covered by the "overtime" provisions of the FLSA for all or a portion of his employment with Duct-Man.

3. As a third affirmative defense, the Defendants state that at all times relevant herein, Defendant acted in good faith and had reasonable grounds for believing their conduct was in compliance with the FLSA pursuant to 29 U.S.C. §260, thereby precluding any award of liquidated damages to Plaintiff.

4. As a fourth affirmative defense, the Defendants state there is no requirement that recording of insubstantial or insignificant periods of time that Plaintiffs may have worked beyond scheduled working hours are required pursuant to the regulation and interpretive bulletins of the Department of Labor set forth at 29 C.F.R. §785.47.

## COUNTERCLAIM I – CONVERSION

1. This is an action which arises from the same common nucleus of operative fact which is the subject of the claims alleged in Plaintiff's Complaint.

2. During his employment with Counterclaimants/Defendants, Plaintiff converted to his own use certain "tools" and other "equipment" owned by "Duct-Man" which Plaintiff removed from the premises of "Duct-Man".

3. Such tools and other equipment were the property of "Duct-Man".

4. Such breach of contract has harmed Defendants and Defendants demand that Plaintiff make payment for the damage to the Duct-Man vehicle with interest, costs and any other remedy this court deems appropriate.

## COUNTERCLAIM II – BREACH OF CONTRACT

1. This is an action which arises from the same common nucleus of operative fact which is the subject of the claims alleged in Plaintiff's Complaint.

2. During his employment with "Duct-Man", Plaintiff caused significant damage to a vehicle owned by "Duct-Man".

3. Subsequent to causing such damage, the Plaintiff and "Duct-Man" entered into a verbal agreement whereby the Plaintiff agreed to compensate Defendants for such damage.

4. Plaintiff has failed to pay such compensation and Defendants have and continue to suffer damages due to Plaintiff's breach of such agreement.

5. Counterclaimants/Defendants retained counsel to represent their interest in this matter and have incurred the obligation to pay this counsel's reasonable attorney fees.

**WHEREFORE,** Defendants/Counterclaimants demand that Plaintiff's Complaint is dismissed with prejudice, and attorneys' fees and costs are awarded to Defendants; that Plaintiff return the property of Duct-Man and make payment to Defendants associated with Counterclaim II.

### DEMAND FOR ATTORNEY'S FEES AND COSTS

Defendants are entitled to an award of costs and attorney's fees incurred in defense of Plaintiff's FLSA claims because those claims have been brought in bad faith. See e.g. *Turlington v Atlanta Gas Light Co.* 135 F.3d 1428 (11th Cir, 1998).

Respectfully submitted,

/s/ Robert Blanchfield
Robert E. Blanchfield, Esquire
Florida Bar Number: 0361800
bob@blanchfieldlawfirm.com.
**ROBERT BLANCHFIELD, P.A.**
127 West Fairbanks Ave.
Suite 272
Winter Park, FL  32789
(407) 497-0463 Phone
(866) 530-8441 Facsimile
Counsel for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of December 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record in this matter

/s/ Robert Blanchfield  
Attorney